U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2024 MAR -1 PM 2: 12

CLERK

BY ▬▬▬▬▬▬▬
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

JAMIE BONNAR BRIGHT, )
)
Plaintiff, )
)
v. ) Case No. 2:23-cv-98
)
PHILADELPHIA INDEMNITY )
INSURANCE COMPANY; )
JAMES RIEBEN; KRISTINA CUI, )
)
Defendants. )

**ENTRY ORDER GRANTING
DEFENDANTS' MOTION TO DISMISS
AND GRANTING PLAINTIFF LEAVE TO AMEND**
(Docs. 9, 15)

Plaintiff Jamie Bonnar Bright, representing himself, has filed a Complaint against the Philadelphia Indemnity Insurance Company ("Philadelphia Indemnity"). (Doc. 1.) On September 21, 2023, Philadelphia Indemnity, together with its employees James Rieben and Kristina Cui (collectively, "Defendants"), moved to dismiss the Complaint for insufficient service of process, lack of subject matter jurisdiction, and failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b). (Doc. 9.) Plaintiff responded to the motion on October 17, 2023, and Defendants replied two days later at which time the court took the motion under advisement.[1]

**I.    Procedural Background.**

On May 30, 2023, the court was in receipt of Plaintiff's filing fee and the Complaint was filed. Plaintiff represents that after he received the court's Pro Se Guide on June 29, 2023, he "awaited the issuing of service documents" pursuant to the Guide's

---

[1] On January 5, 2024, Plaintiff filed a motion to expedite ruling on the pending motion before the commencement of discovery. (Doc. 15.) Plaintiff did not comply with the requirements of this court's Local Rules requiring consultation with the opposing party prior to filing a non-dispositive motion and for this reason is DENIED. *See* D. Vt. L.R. 7(a)(7).

statement that "[u]pon receipt of the filing fee, the complaint will be filed and service documents will be issued." (Doc. 11 at 13-14) (internal quotation marks omitted). As a result, he was unaware until August 15, 2023, when he telephoned the clerk's office, that he was responsible for requesting the issuance of summonses or waivers of service.[2]

Upon Plaintiff's request, on August 18, 2023, the clerk's office issued summonses for Philadelphia Indemnity and, on September 5, 2023, reissued the summonses. One summons identified the defendant as "Philadelphia Indemnity Insurance Company c/o Kristina Cui (Ttee)" (Doc. 6 at 1) and the other identified the defendant as "Philadelphia Indemnity Insurance Company c/o Jim Rieben (Ttee)[.]" (Doc. 7 at 1.) In accordance with Rule 4(b), Plaintiff presented these summonses to the clerk for signature and seal. Plaintiff states that, "on Saturday, August 19[], 2023, [he] labored to mail the proof of service documents via the Postmaster of the United States, registered mail/restricted delivery/return receipt to the defendants." (Doc. 11 at 14.) On September 8, 2023, Plaintiff filed proofs of service with the court. The first proof states a summons for "c/o Kristina Cui (Ttee)" was "served . . . on the out-of-state defendant by Registered Mail[.]" (Doc. 6 at 2.) The second proof states a summons for "c/o James Rieben (Ttee)" was

---

[2] Although Plaintiff correctly quotes one sentence of the Pro Se Guide, in context, it states in full:
> If your application to proceed *in forma pauperis* is denied, the complaint will **NOT** be filed, nor will summons(es) and/or waiver(s) be issued without prepayment of the filing fee. An order will be issued by the assigned judge requiring payment of the filing fee within a set period of time. Upon receipt of the filing fee, the complaint will be filed and service documents will be issued. **Failure to pay the filing fee within the specified time frame could result in dismissal and the case will be closed.**

Representing Yourself as a Pro Se Litigant Guide at 7, D. Vt. (Dec. 2015), available at www.vtd.uscourts.gov/filing-wthout-attorney-1. When a litigant is granted *in forma pauperis* ("IFP") status, the Federal Rules require the court to "order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3). In this case, Plaintiff did not apply to proceed IFP. Thus, the quoted section of the Pro Se Guide is inapplicable, and Fed. R. Civ. P. 4(b) governs. *See* Fed. R. Civ. P. 4(b) (providing a "plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant"). The Federal Rules further provide that the "plaintiff is responsible for having the summons and complaint served[.]" *Id.* 4(c)(1).

"served . . . on the out-of-state defendant by Registered Mail[.]" (Doc. 6 at 2.) Plaintiff also filed return receipts. The name of the person who received the deliveries is illegible. *See* Doc. 6-1 at 1; Doc. 7-1 at 1.

## II.   Allegations of Plaintiff's Complaint.

Plaintiff's typed, three-page, single spaced "Notice of Conflict or Variance of Law" includes a table of authorities and "[m]axims of [e]quity[.]" (Doc. 1 at 2.) In full, Plaintiff alleges five "facts":

1. I, Jamie Bonnar Bright (Krishna), an a de jure private national of Vermont and private American citizen presenting and preserving all right, title and interest for the estate of JAMIE BONNAR BRIGHT as Attorney in Fact as an authorized representative for said Estate.

2. As a peaceful private citizen acting under the covenants of my religious practices and maintaining my right to life, liberty and the pursuit of happiness, I can only be subject and bound to the exclusive jurisdiction of civilian due process within the exclusive jurisdiction of equity, and my unenumerated rights protected by the spirit, intent and unenumerated fundamental rights and privileges of [t]he Constitution of the United States of America and its equity jurisprudence. To seek a remedy under any other style or mode of proceeding would be a trespass against my religious covenants to practice non-harming and non-violence for which I can not violate.

3. As the only real party in interest being harmed, the mode and proceeding involving private civilian Krishna: of Vermont, and trust property shall be of a purely civilian nature in accordance with the soul, intent and spirit of the original and exclusive equity jurisdiction and shall be clothed with judicial power secured by Article III, §2, subd. 1 of the perfected trust res Constitution for the United States of America; Private Civilian, in keeping with good reason and good conscience, does declare any "legal" proceeding *must be without* the modes and usages of, and to the express exclusion of military, commercial, municipal or foreign modes of proceeding, due process and acquiring jurisdiction over private civilian[']s property.

4. A trust arose with notice of acceptance to Philadelphia Indemnity Insurance Companies (PHLY) expressing that if a speedy and adequate remedy was not received within 30 days of the accident that a fee schedule would attach and time would begin tolling. Further emails and a phone conversation with Jim Rieben continued expression of acceptance of Claim Reference #1528386 as a matter of trust relations

3

> to Jim Rieben and Kristina Cui as Trustee[]s. Notice of Fee schedule was understood by Jim Rieben during our phone conversation and followed up by emails where they expressed that they would not be honoring the fee schedule due to myself having insurance coverage (See Exhibit A).
>
> 5. I am now coming to seek redemption of the time, energy, lost labor and materials (paper, ink, mailers, costs of mailing) lost in order to recover said los[s]es/harms. It has now taken an enormous amount of time and energy that could have been simply avoided by the speedy and adequate remedy required at the beginning of these relations arising. It is my opinion that due to the fact that this is a large foreign corporate entity that they felt they had no need in honoring the trust that arose to the beneficiary of this claim. I come now to continue to see that complete justice is done and not by halves. As equity abhors a forfeiture, I am remaining vigilant to see that as done which ought to have been done. The order respectfully demanded has come with prior filings with the court.

(Doc. 1 at 3.) In his response to Defendants' motion to dismiss, Plaintiff explains:

> [A] trust arose upon [Plaintiff's] acceptance of claim number 1528386 and . . . due to a lack of good conscience and good faith actions by James Rieben and Kristina Cui, as the living persons and implied trustees to said trust arising, in service of corporate person(s) Philadelphia Indemnity Insurance Company, with obligations to [Plaintiff], have breached the trust to fulfill an obligation to fix damaged trust property within a time frame consistent with reasonable expectation and causing excessive laboring by [Plaintiff].

(Doc. 11 at 3-4) (footnote omitted).

### III. Conclusions of Law and Analysis.

#### A. Whether There Was Valid Service of Process on Defendants.

Defendants assert that Plaintiff's service of process was insufficient because neither Mr. Rieben nor Ms. Cui is a proper agent for service of process on Philadelphia Indemnity and because neither Mr. Rieben nor Ms. Cui was personally served. Instead, Plaintiff mailed the summonses via registered mail. Plaintiff responds that Defendants' motion to dismiss, filed on September 21, 2023, was filed out of time because the summonses were "accepted on August 29[], 2023." (Doc. 11 at 5.)

4

Fed. R. Civ. P. 12(b)(5) provides for dismissal of a complaint if it has not been properly served. On a Rule 12(b)(5) motion to dismiss, the plaintiff bears the burden of establishing that service was sufficient. *See Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010) ("[W]hen a defendant moves to dismiss [for insufficient service of process] under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service.") (internal quotation marks omitted) (brackets in original). "In deciding a Rule 12(b)(5) motion, a [c]ourt must look to Rule 4, which governs the content, issuance, and service of a summons." *Felton v. Monroe Cmty. Coll.*, 528 F. Supp. 3d 122, 132 (W.D.N.Y. 2021) (internal quotation marks omitted). If the court finds that service of process was insufficient, it "has discretion to dismiss the action, but dismissal is not mandatory." *Darden v. DaimlerChrysler N. Am. Holding Corp.*, 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002).

A summons is required to provide notice to an individual or entity of a filed civil action. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999) (noting that a defendant is "not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process"). "The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1).

Under Rule 4(e)(2)(A) and (B), an individual may be served by "delivering a copy of the summons and of the complaint to the individual personally[]" or "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there[.]" Rule 4(h) allows for service on a corporation "in the manner prescribed by Rule 4(e)(1) for serving an individual" or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and . . . by also mailing a copy of each to the defendant[.]" Fed. R. Civ. P. 4(h)(1)(A)-(B).

Plaintiff has not demonstrated valid service on any Defendant. Service of process on an individual by registered or certified mail is not authorized by Rule 4(e)(2). *See*

5

*Green v. Jacobsen*, 2004 WL 487323, at *1 (S.D.N.Y. Mar. 12, 2004) ("[S]ending a summons and complaint to a party's work address via certified mail does not satisfy [Rule] 4(e)."); *see also Thorpe v. Dumas*, 788 F. App'x 644, 648 (11th Cir. 2019) ("Service by certified mail generally does not constitute 'delivery' under subsections of Rule 4."). Plaintiff has not established that either Mr. Rieben or Ms. Cui are officers of, managing or general agents of, or authorized by appointment or by law to receive service of process on behalf of Defendant Philadelphia Indemnity.

### B.   Whether the Court has Subject Matter Jurisdiction.

Defendants move to dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(1) contending the court lacks subject matter jurisdiction. Specifically, they argue that Plaintiff has failed to establish the amount in controversy or identified the residence or citizenship of any Defendant. In response to Defendants' motion, Plaintiff explains the time spent and the work he missed as a result of his dispute with Defendants.

A case is properly dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) "if the court 'lacks the statutory or constitutional power to adjudicate it[.]'" *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416-17 (2d Cir. 2015) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). If the court lacks subject matter jurisdiction over the case, it must be dismissed. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000) ("[S]ubject matter jurisdiction is not waivable[.]"). As a result, even if Defendants had been properly served with process, if subject matter jurisdiction is not established, the court may not adjudicate Plaintiff's case. *See* Fed. R. Civ. P. 8(a)(1) ("A pleading . . . must contain[] a short and plain statement of the grounds for the court's jurisdiction[.]").

Generally, "federal courts have subject matter jurisdiction either on the basis of substance, where there is a federal question, or on the basis of citizenship, where the requirements for diversity jurisdiction are satisfied." *Gottlieb v. Carnival Corp.*, 436 F.3d 335, 337 n.3 (2d Cir. 2006). "[T]he party asserting federal jurisdiction bears the

burden of establishing jurisdiction" exists. *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006).

"A plaintiff properly invokes [28 U.S.C.] § 1331 [federal question] jurisdiction when [he] pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006). Construed liberally, Plaintiff's Complaint does not state a claim under federal law. As a result, § 1331 does not provide a basis for the court to exercise subject matter jurisdiction.

To raise a claim under diversity jurisdiction, 28 U.S.C. § 1332 requires that the amount in controversy in the case exceeds $75,000, exclusive of interest and costs, and that the matter is "between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1). In other words, the plaintiff must be a citizen of a different state than all defendants. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 118 (2d Cir. 2014) (explaining complete diversity requires that "all plaintiffs . . . be citizens of states diverse from those of all defendants"). Although it appears that Plaintiff and Defendants may be diverse, Plaintiff's Complaint is silent as to the amount of damages he seeks and as a result does not provide a basis for the court to exercise diversity subject matter jurisdiction under § 1332. *See Palm Beach Mar. Museum, Inc. v. Hapoalim Sec. USA, Inc.*, 810 F. App'x 17, 20 (2d Cir. 2020) (explaining a plaintiff may not amend his or her pleading through a brief).

In the absence subject matter jurisdiction, the court must dismiss the case. Defendants' motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) (Doc. 9) is GRANTED. *See Koeller v. Numrich Gun Parts Corp.*, 2023 WL 3591176, at *2 (N.D.N.Y. May 23, 2023) ("When a defendant seeks dismissal under Rule 12(b)(1) as well as on other grounds, the court should consider the Rule 12(b)(1) challenge first[.]") (internal quotation marks omitted).

C.  **Leave to Amend.**

The Second Circuit has cautioned that a court "should not dismiss a pro se complaint without granting leave to amend at least once, unless amendment would be futile." *Garcia v. Superintendent of Great Meadow Corr. Facility*, 841 F.3d 581, 583

(2d Cir. 2016) (per curiam) (internal quotation marks omitted). "Amendment is futile where the problems with the complaint's claims are substantive and not the result of inartful pleading." *Biswas v. Rouen*, 808 F. App'x 53, 55 (2d Cir. 2020) (internal quotation marks and alterations omitted).

In light of Plaintiff's self-represented status and the Second Circuit's guidance, the court will grant Plaintiff leave to amend his Complaint. Plaintiff is advised that a proposed Amended Complaint, if filed, will supersede and completely replace the original Complaint. *See Hancock v. Cnty. of Rensselaer*, 882 F.3d 58, 63 (2d Cir. 2018) (noting "it is well settled that an amended pleading ordinarily supersedes the original and renders it of no legal effect") (brackets and internal quotation marks omitted). An Amended Complaint must set forth a legal and factual basis for this court's subject matter jurisdiction, including the amount in controversy, include Plaintiff's factual allegations in their entirety, and set forth the claims he alleges against each defendant and all the relief he seeks. It must comply with the Federal Rules of Civil Procedure, including setting forth a short and plain statement of the grounds for the court's subject matter jurisdiction as well as a short and plain statement of each claim as required by Rule 8, in consecutively numbered paragraphs as required by Rule 10, and Plaintiff's original signature as required by Rule 11.

For further reference, Plaintiff may consult a sample Complaint, available on the court's website at www.vtd.uscourts.gov/filing-without-attorney-1. Should Plaintiff avail himself of the opportunity to file an Amended Complaint, he must also have a summons served on or a waiver sent to, together with a copy of the Amended Complaint, each Defendant in accordance with Federal Rule of Civil Procedure 4 so that the court may exercise personal jurisdiction.

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss (Doc. 9) is GRANTED because the court lacks subject matter jurisdiction. Plaintiff may file an Amended Complaint on or before March 29, 2024. **Failure to file an Amended Complaint by this deadline shall result in dismissal of the case.**

8

Should Plaintiff timely file an Amended Complaint, waivers of service and/or proof of service of process by server's affidavit must be filed no later than May 3, 2024. **Failure to file a waiver or proof of service will result in dismissal of the claims against any Defendant who has not waived service of a summons or received proper service of process.**

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 1st day of March, 2024.

Christina Reiss, District Judge
United States District Court