district court of the United States
district of Vermont

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2024 APR 30 PM 3:48

BY _____
DEPUTY CLERK

Jamie Bonnar Bright
Movant: Bright, Jamie Bonnar, private American National Citizen of the United States of America / private citizen of the Union member state of Vermont privately residing within a non-military occupied private area outside a "Federal District," without the District of Columbia, not subject to the jurisdiction of the "United States"
Suitor,

v.

PHILADELPHIA INDEMNITY INSURANCE COMPANY (DUNS: 801240995),

James Rieben, as Trustee

Kristina Cui, as Trustee

Defendants,

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

In Jurisdiction Protected by Article III, §2, subdivision 1, of The Constitution for the United States of America

Maxim: "Equity follows the law."

In Equity. Bill Number: <u>2:23-cv-00098-cr</u> *SEALED* and any other derivative cases

<u>Bill of Exceptions Regarding Findings of Fact and Conclusions of Law and Order, Intended to Preserve Equitable Rights Not of Record</u>

To the Honorable Christina Riess, at Chambers,

## <u>Bill of Complaint - Amended upon Leave of Court</u>

### Parties

1. Petitioner, Bright, Jamie Bonnar, a private resident of the town of Jericho, within Chittenden county in the Union member state of Vermont and coming now as cestui que, real party of interest and real owner of the Jamie Bonnar Bright estate, brings this bill cognizable in exclusive equity.

2. That the defendants, Philadelphia Indemnity Insurance Company, DUNS: 801240995, also known as: Philadelphia Insurance Companies (the marketing name for the insurance company subsidiaries of the Philadelphia Consolidated Holding Corp.), also known as, Philadelphia Consolidated Holding Corp., also known as a subsidiary of Tokio Marine Group, and is a corporation and financial institution organized and existing under the Laws of the United States, a corporate citizen of the United States by charter, with its chief principal office located in the city of Bala

Cynwyd, and in the state of Pennsylvania and in the district of Pennsylvania, and that the Chief Executive Officer is unknown, and is represented by and through the appearance of Richard Windish, Esq. of the law firm PRIMMER PIPER EGGLESTON AND KRAMER PC.

3. That the defendant, James Rieben is a citizen of the United States, and a resident of unknown city and county in the state of Pennsylvania and in the district of Pennsylvania (wavier of service delivered by means expressed under Federal Rules of Civil Procedure Rule 4(d) to their work address as it is the only known address to deliver to).

4. That the defendant, Kristina Cui is a citizen of the United States, and a resident of unknown city and county in the state of Pennsylvania and in the district of Pennsylvania (wavier of service delivered by means expressed under Federal Rules of Civil Procedure Rule 4(d) to their work address as it is the only known address to deliver to).

## Jurisdiction

1. Your petitioner humbly contends that this cause is founded upon the singular principles of equity enshrined within the United States Constitution, within the exclusive realm of jurisdiction bestowed upon the judicial Power of the United States, delegated to this inferior court subservient to the Supreme Court. It is within this sacred duty to bestow redress concerning the preservation of an equitable estate, transcending the confines of state statutes or customs, particularly in disputes between citizens hailing from different states, pursuant to the provisions of Article III, Section 2 (The judicial Power shall extend to all Cases, in Law and **Equity** [emphasis mine.], arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority;...to Controversies...between Citizens of different States.). It is evident that while

federal law may not confer jurisdiction, it is solely the Constitution in equity that confers such authority to grant extraordinary relief.[1]

2.  Your petitioner humbly asserts as a matter of protecting life, liberty, and property under the security of the Fifth Amendment's due process, that equitable doctrines alone have the ability to prevent waste and further harm to all parties and should be reachable for complete justice.

3.  Your petitioner humbly asserts unenumerated inherent private rights are preserved by the Ninth Amendment to protect the loss of private property, in this case by corporations acting in bad faith due to retention of beneficial interests owed by fiduciary duties to speedily and adequately be fulfilled without undue hardships of the beneficiary of a claim.

## Claims

1.  Comes now, your petitioner, Bright, Jamie Bonnar, asserting these amended claims are in service of establishing that there is no speedy and adequate legal remedy available at law due to their peculiar nature and that a court of equity is the only forum wherein the beneficiary can be protected.

2.  Your petitioner having the court's grant of leave to amend the complaint on March 1st, 2024, establishes on page 8: "Amendment is futile where the complaint's problems are substantive rather than due to inartful pleading." understood by the petitioner to mean that the claims stated in the initial complaint are substantive, or in other words supply equity on its face seen by the court.

---

[1] "Where the rights in jeopardy are those of private citizens, and are of those classes which the constitution of the United States either confers or has taken under its protection, and no adequate remedy for their enforcement is provided by the forms and proceedings purely legal, the same necessity invokes and justifies, in cases to which its remedies can be applied, that jurisdiction in equity vested by the constitution of the United States, and which cannot be affected by the legislation of the states. In the present case, the jurisdiction in equity to grant the relief prayed for by injunction and the propriety of its exercise are alike indisputable." - Bates, Federal Equity Procedure. §621 footnote.

3. That the defendant Philadelphia created and offered claim number 1528386 to the petitioner, granting as the party (insurance provider) obligated to restore private property to the claimant in good faith and without imposing undue hardships.

4. That this complaint is grounded in equitable/religious principles alone as the petitioner, from the beginning, has prayed for the court's capacity to adjudicate based on equitable doctrines finding any extraordinary remedy that will be fair, just and balanced under the lofty morality enshrined within the history of equity jurisprudence as opposed to a tort claim. The motivation for this action is for adjudication of facts concerning the undue hardship resulting from waste of personal property attached to notice of fee schedule as a matter of trust. The petitioner calls upon the court's authority to examine the facts through the unique perspective of equity to uphold religious freedoms concerning petitioners covenants of truthfulness, greedlessness, non-stealing and non-violence in upholding duties to seek equitable remedies concerning matters of trust.

5. Your petitioner avers that trust property (a 2014 Toyota Corolla) was damaged on August 8th, 2022 by a driver of a vehicle insured under a policy provided by the defendant, Philadelphia Indemnity Insurance Company; and that an immediate offer of the insurance policy was granted by the driver of the vehicle as there was no contest of fault.

6. That the petitioner immediately reported damages by calling the insurance company indicated on the insurance card granted. While filing the claim over the phone with the insured party's agent, the petitioner verbally expressed his acceptance of the grantor's offer of insurance and the implied trust established between the parties to maintain good faith and was assured someone would contact him by Friday, August 12th, 2022.

7. That on Tuesday, August 16th, 2022, receiving no notice regarding the incident, the petitioner called both the owner of the vehicle/insurance policy and the

insurance provider (as listed on insurance information granted) leaving a voice message with the policyholder.

8. That on Wednesday, August 17th, 2022 the petitioner promptly responded in detail to an email received by Brian Labell at Williston Insurance Agency requesting proof of damage.

9. That on Tuesday, August 23rd, 2022, the petitioner received a voice message from an agent of Philadelphia, Kristina Cui, who asked the petitioner to return the call on her direct phone number to discuss claim number 1528386.

10. That on Tuesday, August 23rd and Wednesday, August 24th 2022 the petitioner left work on three (3) separate occasions attempting to return the defendants call at her direct phone number in order to act vigilantly within business hours. The petitioner was unable to reach Kristina Cui and was delivered to a voice messaging system each time.

11. That due to the inability to contact Kristina Cui by phone, the petitioner sent an email to the insurance agent he had spoken with on August 17th and CC'd it to claimsreport@phly.com (defendant Philadelphia's general inquiry email address for claims) in order to express his intent of acknowledgement and acceptance of Philadelphia's claim titled 1528386. Within that email, the petitioner stated: "concern is growing at the reliability of the process being without undue time and energy on my part. I am hereby making this record to begin my own process of notices and recordings to express my intent and purpose to make sure all is handled in good faith and good conscience. As the beneficiary of the claim, I accept the trusteeship of all agents and assigns of any and all insurance agencies in connection with this claim. If I do not receive a remedy within 30 days of the reporting of the incident (August 8, 2022) I will be attaching a fee schedule for time spent to acquire a remedy. As this should be a simple process on the side of the insured and their agents and assigns, I pray it will not be necessary to attach said fee

schedule to help expedite the process. Thank you for your time and I apologize for any inconvenience this may cause you. I appreciate you understanding my need to protect the value of my time and energy and look forward to settling this matter as soon as possible."

12. That on Wednesday, August 31st, 2022, the petitioner, having received no further correspondence, emailed seeking updates regarding claim number 1528386. That evening the petitioner also called defendant Philadelphia's general claims number and spoke with an agent. That agent informed him that they would reach out to the fiduciary agents Kristina Cui and James Rieben, to express that the petitioner of the claim was seeking an update.

13. That on Friday, September 2nd, 2022, the petitioner received an email from an appraisal company stating; "We have assigned an appraiser to schedule the inspection of your vehicle and they should be in contact with you or the shop within the next 24 business hours".

14. That on Tuesday September 6th, 2022, the petitioner received a voice message from the appraiser that he would be handling the inspection. The petitioner promptly returned their call and made an appointment for that Friday at 1pm for the inspection.

15. That on Friday, September 9th, 2022, sometime in the morning, the petitioner delivered a text message to the appraiser to reconfirm he would arrive at 1:00pm. The petitioner received a reply at 2:38pm expressing that they would be later than originally expected. At 4:40pm the petitioner received a text message from the appraiser expressing that they would be another 2 hours before they could do the inspection and asked if they could come the following day instead. The appraiser expressed that they would send a text message in the morning.

16. That on Saturday, September 10th, 2022, at 9:31am, the petitioner sent a text message to the appraiser, as he hadn't heard from them yet. At 12:18pm the

appraiser left a voice message with the petitioner expressing that they were taking longer than they expected and would it be possible to move the inspection to Monday. Via text message the petitioner expressed that they would be available Monday but would have to leave work to do so. At 1:04pm they received a reply that Monday would be "Perfect".

17. That on Monday, September 12th, 2022, the petitioner left work at 8:00am to meet the appraiser for the inspection. At 11:51am that day received the appraisal via email.

18. That on Tuesday, September 13th, 2022, the petitioner left a message with defendant James Rieben referencing the intent of the fee schedule delivered to the defendant's. He expressed the fact that 30 days since the claim was reported had passed and the petitioner was still aggrieved to get his property damage remedied and continued to labor for its performance.

19. That on Wednesday, September 14th, 2022, at 3:24pm, the petitioner received an email from defendant Kristina Cui concerning the completed appraisal of damages. Later that evening, at 9:29pm, the petitioner responded, expressing the trust relation arising from the previously granted fee schedule notice and asserting that tolling was warranted due to the fiduciaries' bad faith actions in restraining obligations due.

20. That on Sunday, September 18th, 2022, the petitioner left a voice message with defendant James Rieben concerning acquiescence to the notices of fee schedule and that he sought correspondence.

21. That on Tuesday, September 20th, 2022, the petitioner left work to receive a call from defendant James Rieben. They spoke to clarify the issue of fee schedule and the petitioners' time spent to seek performance of the fiduciary obligations due as beneficiary of the claim. After discussing the issue at hand, the defendant asked the petitioner to write up and send a correspondence so he could

"understand what we're looking at and what the details are." That evening at 9:38pm, the petitioner delivered an email containing figures that pertained to the notice of fee schedule for labor required to receive performance from the fiduciaries.

22. That on Thursday, September 29th, 2022, the petitioner received an email from James Rieben seeking more clarity regarding the specifics of the expressed fee schedule.

23. That on Wednesday, October 5th, 2022, the petitioner replied in thorough detail to the questions James Rieben had expressed.

24. That on Wednesday, October 26th, 2022, Kristina Cui sent an email stating; "We have reviewed this matter and unfortunately we are unable to offer you any additional settlement outside of your vehicle damages. To our knowledge, you had physical damage coverage on your vehicle and you decided not to use it. Using your personal insurance carrier would have mitigated your noted inconveniences on this matter. Your actions to handle this claim without use of your own physical damage coverage was a voluntary action on your behalf. We hope you understand our position at this time. Please let me know your thoughts."

25. That on Wednesday, October 26th, 2022, the petitioner replied attaching a "final notice" in reply to the defendant's claims and up to date "fee schedule" stating disappointment and sadness around bad faith relations and further expressed the fact that a trust arose upon the damage of property between Philadelphia and the petitioner.

26. That on Friday, October 28th, 2022, Kristina Cui replied via email expressing again that they would not be able to offer any further settlement.

27. That from October 28th, 2022 to December 1st, 2022 the petitioner sought inspiration from God through contemplation, meditation and prayer as to how to proceed with this grievance in order to maintain actions with his Sacred Covenants in

accordance with his religious faith and duty to protect freedom and liberty from trespass.

28. That on Friday, December 2nd, 2022, inspired by meditations and reading scripture seeking inner clarity about the grievances that arose, the petitioner began composing a prayer for relief throughout the next two (2) months in order to deliver an original bill in equity to the Honorable Justice at Chambers for review.

29. That on Tuesday, May 30th, 2023, this court accepted delivery of filing fee, documents and tender deposited into the court for the benefit of the petitioners equitable interests relating to the settlement of the conflicts claimed herein.

30. That on Thursday, August 31st, 2023, the petitioner received a voice message and an email from Kristina Cui stating; "This email is to follow up on my voicemail today, to confirm receipt of the Summons that was mailed to our office regarding your claim for the incident on 8/8/2023. At your earliest convenience, please provide us with your demand amount. Please reply to this email."

31. That on Tuesday, September 5th, 2023, the petitioner sent a reply email containing a "demand amount" based on the fee schedule expressed and gave further explanation that he was seeking a determination from the court as to what was deemed fair and just value for the hardships due to this conflict. He received no reply to this correspondence from any defendant.

32. That the defendants Motion to Dismiss filed on September 21st, 2023 does not address the inequities expressed by the petitioner against the defendants and was solely based on statutory technicalities. The petitioner has never sought to address anything other than the substance of claims seeking review in a court of competent jurisdiction to determine whether the grievances can be seen and remedied under the doctrines of equity within Article III judicial power.

33. That on December 13th, 2023 the defense attorney Richard Windish Esq. mailed a letter concerning discovery schedule expressing that he "went ahead and

reserved the date of April 18, 2024" for an ENE with a lawyer who was once a partner at his law firm.

34. That on December 23rd, 2023 the petitioner sent an email stating, "I am still taking into consideration the details of your letter and need some more time to address my reply."

35. That on January 4th, 2024 the petitioner motioned the court to prioritize ruling on the motion to dismiss due to the hardships that this conflict had already caused and that the case schedule recommended by the defense ensured further loss of life and liberty to all parties due to laboring over the subject matter of this conflict.

36. That this grievance has caused losses of over 150 hours (currently recorded) of petitioners life and liberty to due to laboring over this nuisance matter to seek complete justice and not by halves.

37. Finally, that the core issue raised by these claims, which aim to uphold the constitutional protections of life and liberty under Article III's judicial power, is whether a court of competent jurisdiction recognizes the equity on the face of this bill concerning the trust that arose upon notice of fee schedule and can adjudicate the claims adequately within the purview of equitable doctrines for the balancing of equities so the petitioner may maintain religious covenants that irrevocably direct his conduct.

### Prayer for Process

A. As it is not the petitioners position of faith to adjudge or argue matters of law, but to seek adjudication by those appointed to do so under the lawful execution of the Constitution for the United States of America in order to serve a more perfect union between the relations of all creations under God to maintain life, liberty and the pursuit of happiness. Therefor, your petitioner hereby prays: That should any of

the defendants, Philadelphia Indemnity Insurance Company, Kristina Cui and/or James Rieben[2] refuse or ignore the delivery of Waiver of Service, that summons be ordered by the court and be issued for delivery by United States Marshal Service. The petitioner prays that this will remove concerns of technicalities by the defense and prevent undue burdens of costs and time associated with service of summons by the petitioner, as the petitioner cannot afford them.

### Prayer for Relief

B. That the petitioner be adjudged, declared and decreed to be the equitable owner of the whole trust referenced herein this bill, ordering from the defendants the redemption of the value of equitable assets lost as the court sees fit, be entitled to the legal ownership and possession thereof, and that all the title interests of the defendant's in and to the trust, the derivatives and assets thereof, be divested out of the defendants and merged in your petitioner absolute.

C. That RE108296074US14... be declared a trust and a trustee appointed by Your Excellency's court for the express intent and purpose of asset protection, debt extinguishment, legacy and settlement and closure in all matters.

D. That a seal on this bill and on this suit be established, made permanent and perpetual.

E. That if this court declares lack subject matter jurisdiction concerning this conflict, that it grant motion for leave of court to transfer and deposit this complaint to the appropriate venue, mode and/or process that can adjudicate this matter in order to prevent further harm to the petitioner.

---

[2] Richard Windish Esq., representing Philadelphia Indemnity Insurance Company has stated he cannot receive service on behalf of Mr. Rieben or Ms. Cui. Upon the petitioners attempt via email to acquire a physical address, defendant James Rieben stated: "We do not accept court documents of any kind by mail. All court documents must be delivered to us by the sheriff or an officer of the court. Our address is Philadelphia Insurance Co. One Bala Plaza - Suite 100 Bala Cynwyd, PA 19004".

F.   That the petitioner be granted any other general or special relief as the nature and circumstances of this suit may require.

Dated at Jericho, Vermont, this 29th day of April 2024.

By: _____
Bright, Jamie Bonnar,
petitioner, beneficiary, complainant, grantee, grantor, depositor, lenderor...
Post Office Box 312,
Jericho, Vermont
re108296074us@gmail.com
802.735.1225