```
                                                      U.S. DISTRICT COURT
                                                      DISTRICT OF VERMONT
                                                              FILED
              UNITED STATES DISTRICT COURT
                       FOR THE                        2024 OCT 31  PM 2:38
                 DISTRICT OF VERMONT
                                                               CLERK
                                                      BY   /s/ LAW
                                                           DEPUTY CLERK
```

| | |
|---|---|
| JAMIE BONNAR BRIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:23-cv-98 |
| | ) |
| PHILADELPHIA INDEMNITY | ) |
| INSURANCE COMPANY; | ) |
| JAMES RIEBEN; KRISTINA CUI, | ) |
| | ) |
| Defendants. | ) |

**ENTRY ORDER**
**DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION**
**FOR ALTERNATIVE SERVICE AND ORDERING DEFENDANTS**
**TO SHOW GOOD CAUSE FOR FAILING TO WAIVE SERVICE**
(Doc. 25)

On May 30, 2023, Plaintiff Jamie Bonnar Bright, representing himself, commenced this action. On April 30, 2024, Plaintiff filed an Amended Complaint against the Philadelphia Indemnity Insurance Company ("Philadelphia Indemnity") and its employees James Rieben and Kristina Cui (collectively, "Defendants"). (Doc. 19.) On June 12, 2024, Plaintiff moved the court for alternative service of process and for costs. (Doc. 25.) Contending that they have yet to be properly served, on July 8, 2024, Defendants moved to dismiss the Amended Complaint for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5). (Doc. 33.) Plaintiff has not responded to the motion. The court subsequently took the motions under advisement.

**I.    Procedural Background.**

Plaintiff paid the civil case filing fee and thus was responsible for having the summons and complaint served. Upon Plaintiff's request, on August 18, 2023, the clerk's office issued summonses for Philadelphia Indemnity and, on September 5, 2023, reissued the summonses. One summons identified the defendant as "Philadelphia Indemnity

Insurance Company c/o Kristina Cui (Ttee)" (Doc. 6 at 1) and the other identified the defendant as "Philadelphia Indemnity Insurance Company c/o Jim Rieben (Ttee)[.]" (Doc. 7 at 1.) In accordance with Rule 4(b), Plaintiff presented these summonses to the Clerk of Court for the clerk's signature and seal.

On September 8, 2023, Plaintiff filed proofs of service with the court. The proofs stated that summonses for "c/o Kristina Cui (Ttee)" and "c/o James Rieben (Ttee)" were "served . . . on the out-of-state defendant by Registered Mail[.]" (Docs. 6 at 2; 7 at 2.) Plaintiff also filed return receipts; however, the name of the person who received the deliveries was illegible. *See* Doc. 6-1 at 1; Doc. 7-1 at 1.

Defendants responded with a motion to dismiss the case. They argued that Plaintiff's service of process was insufficient because neither Mr. Rieben nor Ms. Cui was a proper agent for service of process on Philadelphia Indemnity and because neither Mr. Rieben nor Ms. Cui was personally served. Defendants also argued the court lacked subject matter jurisdiction and that the Complaint failed to state a claim on which relief could be granted and for these reasons should be dismissed under Fed. R. Civ. P. 12(b).

On March 1, 2024, the court granted Defendants' motion to dismiss determining that Plaintiff had not demonstrated valid service on any defendant and finding that the court lacked subject matter jurisdiction. The court explained that service of process on an individual by registered or certified mail is not authorized by Rule 4(e)(2). Because Plaintiff had not established that either Mr. Rieben or Ms. Cui were officers of, managing or general agents of, or authorized by appointment or by law to receive service of process on behalf of Defendant Philadelphia Indemnity, Plaintiff had failed to demonstrate valid service on any defendant. Because Plaintiff's Complaint did not allege a federal claim and was silent as to the amount of damages he sought, Plaintiff failed to establish either federal question or diversity subject matter jurisdiction. As a result, the Complaint was dismissed.

Plaintiff was granted until March 29, 2024, to file an Amended Complaint. The court explained that an Amended Complaint must "set forth a legal and factual basis for this court's subject matter jurisdiction, including the amount in controversy[.]" (Doc. 16

at 8.) The court further ordered that "waivers of service and/or proof of service of process by server's affidavit must be filed no later than May 3, 2024." *Id.* at 9. Plaintiff was specifically warned: "Failure to file a waiver or proof of service will result in dismissal of the claims against any Defendant who has not waived service of a summons or received proper service of process." *Id.* (emphasis omitted).

Plaintiff sought and received an extension of time to file an Amended Complaint. He was granted until May 1, 2024, to file an Amended Complaint, and his time to file proof of service was extended to June 1, 2024. He was warned for a second time that his "failure to comply with [the court's] deadlines will result in dismissal of the case." (Doc. 18) (text-only Order).

On April 30, 2024, Plaintiff timely filed an Amended Complaint against Philadelphia Indemnity, Rieben, and Cui. On May 10, 2024, he requested permission to serve Defendants by special order. This motion was denied on June 3, 2024, and the court extended his time to serve Defendants to June 14, 2024, and his time to file proof of service was extended to June 21, 2024. Plaintiff was warned for a third time that his "failure to comply with [the court's] deadlines will result in dismissal of the case." (Doc. 24) (text-only Order).

On June 7, 2024, summonses for each defendant were reissued. On June 12, 2024, Plaintiff filed a notice of attempted service together with a motion for alternative service and for costs. Plaintiff explained that he delivered waivers of service to Defendants but that, through counsel, Defendants responded that they would not waive service. Plaintiff engaged a private process serving company, but because that company had also been unsuccessful in its attempts to serve Defendants,[1] Plaintiff requested permission to serve

---

[1] Plaintiff explained that he engaged a private process serving company because the "Sheriff's service requires up to 30 days for delivery[.]" (Doc. 25 at 2.) Receipts for payment to Judiciary Process Servers are dated June 9, 2024. *See* Doc. 25-1 at 1-3. On June 10, 2024, the private company was unsuccessful in serving Defendants at Attorney Windish's office in Woodstock, Vermont, and at Philadelphia Indemnity's office in Bala Cynwyd, Pennsylvania.

Defendants by email or for court-ordered service by the U.S. Marshals. Plaintiff also seeks an award of costs for the fees he paid to the private company.

On June 21, 2024, Defendants opposed Plaintiff's motion. They contend it is contrary to the requirements of the Federal Rules of Civil Procedure and the court's Orders. Particularly, they point to Plaintiff's request for the cost of attempting to serve process on Defendant's attorney as they had previously explained that he is not authorized to accept service on his client Philadelphia Indemnity's behalf.

On June 27, 2024, Plaintiff filed three proofs of service, each dated June 17, 2024. Two of the proofs indicated that Joe Horton made three unsuccessful attempts to serve Defendants Rieben and Cui, at One Bala Plaza, Suite 100, Bala Cynwyd, Pennsylvania, and stated that on June 17, 2024, he "[p]osted all documents at the address per client instructions." (Docs. 28, 30.) The third proof indicated that Kevin Edwards made three unsuccessful attempts to serve Richard Windish, Esq., at 43 Lincoln Corners Way, Suite 205, Woodstock, Vermont, and stated that on June 17, 2024, he "[p]osted all documents at the address per client instructions." (Doc. 29.)

On July 8, 2024, Defendants filed a motion to dismiss the case for insufficient service of process. They contend that the server's affidavits fail to demonstrate that service was properly completed on each Defendant for multiple reasons. First, the affidavits were filed beyond the court's deadline. Second, service by "posting" occurred beyond the court's deadline. And third, because service by "posting" is not authorized, Plaintiff failed to achieve proper service on any Defendant. (Doc. 33 at 2-3.)

On July 10, 2024, Plaintiff filed a reply in support of his motion for alternative service and for costs. He contends that Defendants "seek dismissal based on technicalities of service even though they have been clearly aware of all filings in this case from its beginning." (Doc. 35 at 2.) He asserts that "Mr. Windish expressed . . . via email that he could not receive service on behalf of [Defendants] Rieben or Cui. By excluding mentioning . . . Philadelphia [Indemnity] and for other reasons[,] [Plaintiff] believed Mr. Windish was acting as authorized agent by appointment for Philadelphia [Indemnity]." *Id.* Plaintiff requests the court "see the equity on the face of this matter[.]" *Id.* at 3.

## II. Conclusions of Law and Analysis.

### A. General Requirements of Fed. R. Civ. P. 4.

A summons is required to provide notice to an individual or entity of a filed civil action. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999) (noting that a defendant is "not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process"). "The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). As an alternative to serving a summons, a plaintiff may request that a defendant waive service of the summons under Rule 4(d). "An individual [or] corporation . . . that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons." *Id.* 4(d)(1).

Under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.* 4(m). Self-represented litigants "are not excused from compliance with Rule 4." *George v. Roberts*, 2018 WL 1517203, at *2 (S.D.N.Y. Mar. 26, 2018) (citing *Meilleur v. Strong*, 682 F.3d 56, 61-63 (2d Cir. 2012)).

### B. Whether There Was Valid Service on the Individual Defendants.

Plaintiff states that he mailed waivers by certified mail at a cost of $34.05 "to the addresses/locations expressed by the Defendants." (Doc. 25 at 1-2.) In addition, he emailed Attorney Windish notifying him of the mailing. Notwithstanding their duty to avoid unnecessary expenses of service, Defendants refused to waive service. For this reason, Plaintiff was obligated to undertake formal service of the summonses.

Under Rule 4(e)(2), an individual may be served by "delivering a copy of the summons and of the complaint to the individual personally" or "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there[.]" Fed. R. Civ. P. 4(e)(2)(A)-(B). Additionally, service may be made by following the law of the state where service is made. Pennsylvania law

allows for "handing a copy . . . at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof." Pa. R. Civ. P. 402(a).

Plaintiff has demonstrated good faith efforts to serve Defendants through appropriate methods of personal service. He has also demonstrated that it is highly likely that Defendants have notice of his claims. Plaintiff's process server's "posting" of the service documents at Defendants Rieben and Cui's place of employment, however, is not an appropriate method of service on an individual.

### C.    Whether There Was Valid Service on Philadelphia Indemnity.

Rule 4(h) allows for service on a corporation "in the manner prescribed by Rule 4(e)(1) for serving an individual" or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and . . . by also mailing a copy of each to the defendant[.]" Fed. R. Civ. P. 4(h)(1)(A)-(B).

The proof of service Plaintiff filed indicates that the summons was for Richard Windish, Esq., but Attorney Windish is not a defendant in this case. Plaintiff has not demonstrated that Attorney Windish is an agent authorized to accept service on behalf of Philadelphia Indemnity. Even if he were, Plaintiff's process server's "posting" of the service documents at his office would not satisfy the requirement of "delivering" the service documents.

### D.    Whether the Time to Serve Process Should be Extended for a Fourth Time or an Alternative Means of Service Allowed.

The Federal Rules of Civil Procedure require that if a defendant is not served within ninety days, the court "must dismiss the action . . . or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*

This case has been pending for over 500 days. The court has extended the time for Plaintiff to serve Defendants three times. Each time, the court warned Plaintiff that his case would be dismissed if he failed to comply with the court-ordered deadlines.

Plaintiff's most recent deadline for serving process was June 14, 2024, and for proving service was June 21, 2024. After Defendants refused to waive service, Plaintiff engaged a process server who attempted service, albeit unsuccessfully, and proofs of service were filed on June 27, 2024. Although this was untimely, Plaintiff diligently sought to accomplish service.

On June 12, two days prior to the expiration of his time to serve Defendants, Plaintiff moved the court for permission to serve Defendants via email or for the court to order service by the United States Marshals. For the court to authorize service by email, it must determine that service by email would comport with due process. *See Avail 1 LLC v. Kalsi*, 2023 WL 7297214, at *3 (S.D.N.Y. Nov. 6, 2023) ("Plaintiff will have to show that service by email satisfies the Due Process Clause").

Rule 4(c)(3) requires that the court "order that service be made by a United States marshal or deputy marshal" only when a plaintiff "is authorized to proceed in forma pauperis under 28 U.S.C. § 1915[.]" Fed. R. Civ. P. 4(c)(3). In all other cases, at a "plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." *Id.* "[T]he decision whether to grant [] a request for a court appointed process server is discretionary." *Zarro v. Spitzer*, 2008 WL 4399442, at *1 (N.D.N.Y. Sept. 23, 2008); *see also* Fed. R. Civ. P. 4(c)(3) advisory committee's note (1993) ("The court [] retains discretion to appoint a process server on motion of a party."). Following the parties' responses as ordered below, the court will decide whether to order that service be made by a court-appointed process server such as the U.S. Marshal.

The court DENIES WITHOUT PREJUDICE Plaintiff's motion for alternative service.

   **E. Whether Plaintiff Should be Awarded Costs of Attempted Service.**

Plaintiff's motion for costs presents a close question. He requests the "[c]ourt enter an order for redemption of costs [expended] for attempted service" on the Defendants after they failed to accept waiver of service. (Doc. 25 at 3.) Defendants maintain that they refused to waive service for good cause, but no specific reason has

7

been provided. *See* Doc. 26 at 3 ("[B]y seeking to recoup costs expended in service of both the wrong recipient, and two out of state Defendants, Plaintiff asks the [c]ourt to ignore Defendants' and counsel's good faith reasons for declining to waive service."). In an email to Plaintiff, Defendants' Attorney Mr. Windish stated: "Defendants do not agree to waive service of process in this matter." (Doc. 20-1 at 1.) Plaintiff also maintains that Defendant Rieben stated: "We do not accept court documents of any kind by mail. All court documents must be delivered to us by the sheriff or an officer of the court." (Doc. 25 at 2) (internal quotation marks omitted). Because of the shortness of time, Plaintiff resorted to a private process server instead of the sheriff's service and expended a total of $633.08.

Under the Federal Rules, "[i]f a defendant . . . fails, without good cause, to sign and return a waiver . . . , the court must impose on the defendant . . . the expenses later incurred in making service[.]" Fed. R. Civ. P. 4(d)(2)(A); *see also* Fed. R. Civ. P. 4 advisory committee's note (1993) ("[A] defendant has a duty to avoid costs associated with the service of a summons not needed to inform the defendant regarding the commencement of an action."). Thus, "[a]bsent 'good cause,' the imposition of costs is mandatory." *Marcello v. Maine*, 238 F.R.D. 113, 115 (D. Me. 2006). The Advisory Committee's Note states that "good cause" for failure to comply with a request for waiver "should be rare." Fed. R. Civ. P. 4 advisory committee's note (1993). Two examples are provided: (1) where the defendant did not receive the request; and (2) where the defendant was insufficiently literate in English to understand it. *Id.* "It is not a good cause for failure to waive service that the claim is unjust or that the court lacks jurisdiction." *Id.* Indeed, Rule 4 specifically states that "[w]aiving service of a summons does not waive any objection to personal jurisdiction or to venue." Fed. R. Civ. P. 4(d)(5).

Plaintiff contends he sent notice of the lawsuit and requests to waive formal service of process to the Defendants but none of the Defendants signed and returned a written waiver. Absent good cause, Defendants are responsible for reimbursing Plaintiff for the costs "later incurred" in accordance with Rule 4(d)(2).

8

In this case, Plaintiff was not successful in later making service. He did, however, incur costs after Defendants failed to waive it. "[T]he intent of Rule 4(d) is to charge the defendant who fails to sign and return the waiver form 'those costs that could have been avoided if the defendant had cooperated reasonably in the manner prescribed.'" *Marcello*, 238 F.R.D. at 116 (quoting Fed. R. Civ. P. 4 advisory committee's note (1993)) (awarding costs even where service was not completed because if defendant "had simply signed and returned the waiver form, the Plaintiffs would not have incurred . . . charges from the [] Sheriff's Office."). Additionally, Rule 1 requires that parties construe the Federal Rules "to secure the just, speedy, and inexpensive determination of every action[.]" Fed. R. Civ. P. 1.

Before it grants Plaintiff's request to recoup his expenses, the court grants Defendants an opportunity to show good cause for their failure to waive service on or before November 22, 2024.

## CONCLUSION

For the reasons stated above, Plaintiff's motion for alternative service and for costs (Doc. 25) is DENIED IN PART. The court will not order alternate service or service by the U.S. Marshal at this time.

Defendants are ORDERED to show good cause for their failure to waive service on or before November 22, 2024. Plaintiff may respond to Defendants' filing(s) within fourteen days. Defendants' motion to dismiss for insufficient service of process (Doc. 33) remains under advisement.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 31st day of October, 2024.

Christina Reiss, Chief Judge
United States District Court